UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELINDA DURAN, Individually and as Parent and )
Next Friend of JAX LUGO, a Minor, )
                                                                          )
         Plaintiff, )
                                                                          )
v. )
                                                                           ) No.:
THE UNITED STATES OF AMERICA, )
                                                                          )
         Defendant. )

## COMPLAINT AT LAW

### COUNT I – NEGLIGENCE – FEDERAL TORT CLAIMS ACT – THE UNITED STATES OF AMERICA

NOW COMES Plaintiff, MELINDA DURAN, Individually and as Parent and Next Friend of JAX LUGO, a Minor, by and through her attorneys in this regard, HURLEY, McKENNA & MERTZ, P.C., and as Count One of her Complaint at Law against defendant THE UNITED STATES OF AMERICA, she states as follows:

1. Plaintiff brings this cause of action against defendant, THE UNITED STATES OF AMERICA, pursuant to the Federal Torts Claims Act, so that this Court has jurisdiction of the subject matter pursuant to 28 USC §1346(b).

2. Plaintiff has complied with all prerequisites for a suit under the Federal Tort Claims Act, in that (a) Plaintiff timely filed an administrative claim for the matters in dispute in this action with the Department of Health and Human Services on January 18, 2017; (b) the defendant, by and through its agency, denied the claim on June 27, 2017, and (c) plaintiff now files this matter within six ( 6) months from the date of the agency's mailing of its determination (28 U.S.C. § 240I(b)).

1

3. On and prior to January 18, 2015, and at all times relevant hereto, OSARETIN ORONSAYE, M.D., was a physician and was licensed to practice medicine in the State of Illinois, practicing in the field of Obstetrics.

4. On and prior to January 18, 2015, and at all times relevant hereto, OSARETIN ORONSAYE, M.D., was an agent, employee, and/or servant of defendant THE UNITED STATES OF AMERICA.

5. On and prior to January 18, 2015, and at all times relevant hereto, ROBERT PARA, M.D., was a physician and was licensed to practice medicine in the State of Illinois, practicing in the field of Obstetrics.

6. On and prior to January 18, 2015, and at all times relevant hereto, ROBERT PARA, M.D., was an agent, employee, and/or servant of defendant THE UNITED STATES OF AMERICA.

7. From July 1, 2015, through and including January 18, 2015, and at all times relevant hereto, ERLEINE BAUTISTA, M.D., was a physician and was licensed to practice medicine in the State of Illinois, practicing in the field of Obstetrics.

8. From July 1, 2015, through and including January 18, 2015, and at all times relevant hereto, ERLEINE BAUTISTA, M.D., was an agent, employee, and/or servant of defendant THE UNITED STATES OF AMERICA.

9. Between July 1, 2015, and January 18, 2015, and at all times relevant hereto, ERLEINE BAUTISTA, M.D., treated MELINDA DURAN for her pregnancy.

10. Between July 1, 2015, and January 18, 2015, and at all times relevant hereto, MELINDA DURAN experienced elevated blood pressure, blurry vision, and chronic headaches.

11. On January 18, 2015, MELINDA DURAN came under the care of defendant THE

UNITED STATES OF AMERICA.

12. On January 18, 2015, at approximately 8:46 P.M., Minor-Plaintiff, JAX LUGO, experienced an abnormally low fetal heart rate.

13. On January 18, 2015, at approximately 8:46 P.M., MELINDA DURAN was experiencing a placental abruption, which is an obstetric emergency.

14. On January 18, 2015, at approximately 9:17 P.M., OSARETIN ORONSAYE, M.D., delivered Minor-Plaintiff, JAX LUGO, by caesarian section.

15. On January 18, 2015, at approximately 9:17 P.M., ROBERT PARA, M.D., assisted in the delivery of Minor-Plaintiff, JAX LUGO, by caesarian section.

16. On January 18, 2015, after the delivery, Minor-Plaintiff, JAX LUGO, was diagnosed with hypoxic ischemic encephalopathy and brain injury.

17. Before, during, and subsequent to July 1, 2015, through and including January 18, 2015, and at all times relevant hereto, defendant THE UNITED STATES OF AMERICA, had a duty, by and through its agents, employees, and/or servants, to possess and apply the knowledge and use the skill and care ordinarily possessed and applied by other reasonably well-qualified physicians under similar circumstances.

18. Before, during, and subsequent to July 1, 2015, through and including January 18, 2015, and at all times relevant hereto, defendant THE UNITED STATES OF AMERICA, through its agents, employees, and/or servants, was negligent in its care and/or treatment of MELINDA DURAN and JAX LUGO for one of more of the following reasons:

   a. Failed to deliver JAX LUGO in a timely manner;

   b. Failed to diagnose that JAX LUGO was in fetal distress by examination and testing in a timely manner;

    c. Failed to treat MELINDA DURAN's elevated blood pressure, blurry vision, dizziness and chronic headaches in a proper and/or timely manner;

    d. Failed to examine MELINDA DURAN sooner to properly assess her pregnancy and/or labor;

    e. Failed to use appropriate techniques to safely deliver JAX LUGO;

    f. Failed to perform a timely caesarian section for MELINDA DURAN; and

    g. Was otherwise careless and/or negligent in its care and treatment of MELINDA DURAN and JAX LUGO.

19. As a proximate result of one or more of the foregoing negligent acts and/or omissions by defendant THE UNITED STATES OF AMERICA, through its agents, employees, and/or servants, Minor-Plaintiff, JAX LUGO, suffered and will continue to suffer injuries of a personal and pecuniary nature, including brain damage.

20. MELINDA DURAN, the mother of JAX LUGO, a Minor, born on January 18, 2015, brings this action on behalf of her son, JAX LUGO, as his Parent and Next Friend.

WHEREFORE Plaintiff MELINDA DURAN, Individually and as Parent and Next Friend of JAX LUGO, a Minor, by and through her attorneys in this regard, HURLEY, McKENNA & MERTZ, P.C., prays that this Court render judgment against defendant THE UNITED STATES OF AMERICA:

    a. In a sum to be shown at trial, but in no event less than $75,000,000;

    b. Any pre- and post-judgment interest as allowed by law;

    c. The costs of suit; and

    d. Any other relief this Court deems just.

## COUNT II – NEGLIGENCE – FEDERAL TORT CLAIMS ACT – THE UNITED STATES OF AMERICA – FAMILY EXPENSE ACT

NOW COMES Plaintiff, MELINDA DURAN, Individually and as Parent and Next Friend of JAX LUGO, a Minor, by and through her attorneys in this regard, HURLEY, McKENNA & MERTZ, P.C., and as Count Two of her Complaint at Law against defendant THE UNITED STATES OF AMERICA, she states as follows:

1. Plaintiff brings this action against defendant THE UNITED STATES OF AMERICA, pursuant to the Federal Tort Claims Act, so that this Court has jurisdiction of the subject matter of this action pursuant to 28 USC §1346(b).

2. Plaintiff has complied with all prerequisites for a suit under the Federal Tort Claims Act, in that (a) Plaintiff timely filed an administrative claim for the matters in dispute in this action with the Department of Health and Human Services on January 18, 2017; (b) the defendant, by and through its agency, denied the claim on June 27, 2017, and (c) plaintiff now files this matter within six (6) months from the date of the agency's mailing of its determination (28 U.S.C. § 240I(b)).

3. On and prior to January 18, 2015, and at all times relevant hereto, OSARETIN ORONSAYE, M.D., was a physician and was licensed to practice medicine in the State of Illinois, practicing in the field of Obstetrics.

4. On and prior to January 18, 2015, and at all times relevant hereto, OSARETIN ORONSAYE, M.D., was an agent, employee, and/or servant of defendant THE UNITED STATES OF AMERICA.

5. On and prior to January 18, 2015, and at all times relevant hereto, ROBERT PARA, M.D., was a physician and was licensed to practice medicine in the State of Illinois, practicing in the field of Obstetrics.

6. On and prior to January 18, 2015, and at all times relevant hereto, ROBERT PARA, M.D., was an agent, employee, and/or servant of defendant THE UNITED STATES OF AMERICA.

7. From July 1, 2015, through and including January 18, 2015, and at all times relevant hereto, ERLEINE BAUTISTA, M.D., was a physician and was licensed to practice medicine in the State of Illinois, practicing in the field of Obstetrics.

8. From July 1, 2015, through and including January 18, 2015, and at all times relevant hereto, ERLEINE BAUTISTA, M.D., was an agent, employee, and/or servant of defendant THE UNITED STATES OF AMERICA.

9. Between July 1, 2015, and January 18, 2015, and at all times relevant hereto, ERLEINE BAUTISTA, M.D., treated MELINDA DURAN for her pregnancy.

10. Between July 1, 2015, and January 18, 2015, and at all times relevant hereto, MELINDA DUNN experienced elevated blood pressure, blurry vision, and chronic headaches.

11. On January 18, 2015, MELINDA DURAN came under the care of defendant THE UNITED STATES OF AMERICA.

12. On January 18, 2015, at approximately 8:46 P.M., Minor-Plaintiff, JAX LUGO, experienced an abnormally low fetal heart rate.

13. On January 18, 2015, at approximately 8:46 P.M., MELINDA DURAN was experiencing a placental abruption, which is an obstetric emergency.

14. On January 18, 2015, at approximately 9:17 P.M., OSARETIN ORONSAYE, M.D., delivered Minor-Plaintiff, JAX LUGO, by caesarian section.

15. On January 18, 2015, at approximately 9:17 P.M., ROBERT PARA, M.D., assisted in the delivery of the Minor-Plaintiff, JAX LUGO, by caesarian section.

16. On January 18, 2015, after the delivery, Minor-Plaintiff, JAX LUGO, was diagnosed with hypoxic ischemic encephalopathy and brain injury.

17. Before, during, and subsequent to July 1, 2015, through and including January 18, 2015, and at all times relevant hereto, defendant THE UNITED STATES OF AMERICA, through its agents, employees, and/or servants, had a duty to possess and apply the knowledge and use the skill and care ordinarily possessed and applied by other reasonably well-qualified physicians under similar circumstances.

18. Before, during, and subsequent to July 1, 2015, through and including January 18, 2015, and at all times relevant hereto, defendant THE UNITED STATES OF AMERICA, through its agents, employees, and/or servants, was negligent in its care and/or treatment of MELINDA DURAN and JAX LUGO for one of more of the following reasons:

    a. Failed to deliver JAX LUGO in a timely manner;

    b. Failed to diagnose that JAX LUGO was in fetal distress by examination and testing in a timely manner;

    c. Failed to treat MELINDA DURAN's elevated blood pressure, blurry vision, dizziness and chronic headaches in a proper and/or timely manner;

    d. Failed to examine MELINDA DURAN sooner to properly assess her pregnancy and/or labor;

    e. Failed to use appropriate techniques to safely deliver JAX LUGO;

    f. Failed to perform a timely caesarian section for MELINDA DURAN; and

    g. Was otherwise careless and/or negligent in its care and treatment of MELINDA DURAN and JAX LUGO.

19. As a proximate result of one or more of the foregoing negligent acts and/or omissions

by defendant THE UNITED STATES OF AMERICA, through its agents, employees, and/or servants, Minor-Plaintiff, JAX LUGO, suffered and will continue to suffer injuries of a personal and pecuniary nature, including brain damage.

20. As a result of defendant THE UNITED STATES OF AMERICA's negligence, Plaintiff, MELINDA DURAN, became liable for the medical expenses of her son, JAX LUGO, a Minor, pursuant to the Illinois Family Expense Act, 750 ILCS 65/15, and will become liable for the additional medical expenses in the future related to the care and treatment of her son.

WHEREFORE Plaintiff, MELINDA DURAN, Individually and as Parent and Next Friend of JAX LUGO, a Minor, by and through her attorneys in this regard, HURLEY, McKENNA & MERTZ, P.C., prays that this Court render judgment against defendant THE UNITED STATES OF AMERICA:

    a. In a sum to be shown at trial, but in no event less than $75,000,000;

    b. Any pre- and post-judgment interest as allowed by law;

    c. The costs of suit; and

    d. Any other relief this Court deems just.

Respectfully Submitted,

*/s/ Mark McKenna*
MARK R. McKENNA
One of the Attorneys for Plaintiff
HURLEY, McKENNA & MERTZ, P.C.
33 North Dearborn Street, Suite 1430
Chicago, Illinois, 60602
Phone: (312) 553-4900
Fax: (312) 553-0964

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELINDA DURAN, Individually and as Parent and Next Friend of JAX LUGO, a Minor, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No.: <br> ) <br> ) <br> ) |

### AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622

I, Mark R. McKenna, being duly sworn on oath depose and state as follows:

1. I have consulted and reviewed the facts of this case with a medical doctor whom I believe:

    (i) is knowledgeable in the relevant issues involved in this action;

    (ii) practices and has practiced for the last six years as a physician in the same area of medicine that is at issue in this action;

    (iii) is qualified by experience or demonstrated competence in the subject of this case.

2. The reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for filing this action.

3. I have concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing this action.

_____
MARK R. MCKENNA
One of the Attorneys for Plaintiff

Sworn to and subscribed in my presence
this 21 day of December, 2017

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
IVETTE RUBIO
Notary Public, State of Illinois
My Commission Expires 9/14/2020

Mr. Mark McKenna
33 North Dearborn
Suite 1430
Chicago, IL 60602

Dear Mr. McKenna:

    I am a physician licensed to practice medicine in all of its branches. I am knowledgeable and familiar with the same care and treatment administered in this case. I have reviewed the available records pertaining to Melinda Duran and Jax Lugo from Mt. Sinai Hospital. I have reached the conclusion that there is a reasonable and meritorious cause for the filing of an action against Dr. Osaretin Oronsaye.

    Mrs. Duran was admitted to Mt. Sinai Hospital on 1/17/15 at approximately 17:33 at 37 weeks of pregnancy with elevated blood pressure, chronic headaches, blurred vision, and dizziness. An OB triage progress note at showed a baseline normal fetal heart rate. Dr. Oronsaye was one of the physicians managing Mrs. Duran's care. On January 18, 2015, at approximately 20:46, the fetus experienced a low fetal heart rate, likely due to a placental abruption. At 20:55 the record states that Mrs. Duran was experiencing abnormal vaginal bleeding. The decision to perform a cesarean section delivery was not made by Dr. Oronsaye until 21:03. Surgery began at 21:16 and the baby was delivered by Dr. Oronsaye at 21:17. Placental abruption was confirmed at delivery. At delivery the baby was suffering from severe metabolic acidosis, with an umbilical cord blood pH below 7, a base deficit of 24, and APGAR scores of 3 and 5. The baby was ultimately diagnosed with hypoxic ischemic encephalopathy.

    Dr. Oronsaye fell below accepted standards of care by failing to order an immediate cesarean section delivery of the baby at 21:55 in response to signs of fetal distress and placental abruption, which is an obstetric emergency, and then by failing to deliver the baby within ten minutes of that order. These failures were a proximate cause of the child's birth with severe acidemia and ultimately the child's hypoxic ischemic encephalopathy.

Mr. Mark McKenna
33 North Dearborn
Suite 1430
Chicago, IL 60602

Dear Mr. McKenna:

    I am a physician licensed to practice medicine in all of its branches. I am knowledgeable and familiar with the same care and treatment administered in this case. I have reviewed the available records pertaining to Melinda Duran and Jax Lugo from Mt. Sinai Hospital. I have reached the conclusion that there is a reasonable and meritorious cause for the filing of an action against Dr. Robert Para.

    Mrs. Duran was admitted to Mt. Sinai Hospital on 1/17/15 at approximately 17:33 at 37 weeks of pregnancy with elevated blood pressure, chronic headaches, blurred vision, and dizziness. An OB triage progress note at showed a baseline normal fetal heart rate. Dr. Para was one of the physicians managing Mrs. Duran's care. On January 18, 2015, at approximately 20:46, the fetus experienced a low fetal heart rate, likely due to a placental abruption. At 20:55 the record states that Mrs. Duran was experiencing abnormal vaginal bleeding. The decision to perform a cesarean section delivery was not made until 21:03. Surgery began at 21:16 and the baby was at 21:17. Placental abruption was confirmed at delivery. At delivery the baby was suffering from severe metabolic acidosis, with an umbilical cord blood pH below 7, a base deficit of 24, and APGAR scores of 3 and 5. The baby was ultimately diagnosed with hypoxic ischemic encephalopathy.

    Dr. Para fell below accepted standards of care by failing to order an immediate cesarean section delivery of the baby at 21:55 in response to signs of fetal distress and placental abruption, which is an obstetric emergency, and then by failing to deliver the baby within ten minutes of that order. These failures were a proximate cause of the child's birth with severe acidemia and ultimately the child's hypoxic ischemic encephalopathy.

Mr. Mark McKenna
33 North Dearborn
Suite 1430
Chicago, IL 60602

Dear Mr. McKenna:

    I am a physician licensed to practice medicine in all of its branches. I am knowledgeable and familiar with the same care and treatment administered in this case. I have reviewed the available records pertaining to Melinda Duran and Jax Lugo from Mt. Sinai Hospital. I have reached the conclusion that there is a reasonable and meritorious cause for the filing of an action against Access Community Health Network.

    Mrs. Duran was admitted to Mt. Sinai Hospital, after evaluation by Dr. Erleine Bautista at the Access clinic, on 1/17/15 at approximately 17:33 at 37 weeks of pregnancy with elevated blood pressure, chronic headaches, blurred vision, and dizziness. She had received her prenatal care at the Access Community Health Network Clinic, and her labor was managed by Access physicians, including Dr. Bautista, Dr. Para and Dr. Oronsaye. On January 18, 2015, at approximately 20:46, the fetus experienced a low fetal heart rate, likely due to a placental abruption. At 20:55 the record states that Mrs. Duran was experiencing abnormal vaginal bleeding. The decision to perform a cesarean section delivery was not made until 21:03. Surgery began at 21:16 and the baby was at 21:17. Placental abruption was confirmed at delivery. At delivery the baby was suffering from severe metabolic acidosis, with an umbilical cord blood pH below 7, a base deficit of 24, and APGAR scores of 3 and 5. The baby was ultimately diagnosed with hypoxic ischemic encephalopathy.

    Access Community Health Network and its physicians fell below accepted standards of care by failing to order an immediate cesarean section delivery of the baby at 21:55 in response to signs of fetal distress and placental abruption, which is an obstetric emergency, and then by failing to deliver the baby within ten minutes of that order. These failures were a proximate cause of the child's birth with severe acidemia and ultimately the child's hypoxic ischemic encephalopathy.